### Anthony Mason vs. Daniel Bidleman.

Defendant not allowed to set aside an inquest, where he appeared and cross-examined witnesses, took exceptions, and made a case, which was settled by the circuit judge. An affidavit of merits, made by defendant's agent, defective, where there was no excuse why it was not made by defendant himself.

*Motion by defendant to set aside verdict taken on an inquest.*—Defendant's papers show that at the circuit an affidavit of merits was filed and served, which was sworn to by defendant's general agent, stating that such agent signed the note on which the suit was brought, and knew the facts of the case, &c., but gave no excuse why the affidavit was not made by the defendant. The circuit judge held the affidavit of merits insufficient and permitted an inquest.

Plaintiff's papers show, that on the inquest, the defendant's counsel [63 appeared, cross-examined the plaintiff's witnesses, offered evidence which was overruled, took exceptions, and that since the trial a case has been made by defendant's attorney, and settled by the circuit judge.

A. Taber, *Defts Counsel.*          E. Carter, *Defts Atty.*
C. M. Jenkins, *Plffs Counsel.*     B. L. Bessac, *Plffs Atty.*

*Per Curiam.*—The inquest was regular, and although the affidavit of merits produced on the motion is sufficient, yet the defendant having made a case, must rely upon it; he can not take the double chance of beating his adversary.

*Decision.*—Motion denied without prejudice.